# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JENNIFER WALTON,

               Plaintiff,

   vs.

CREDIT ONE FINANCIAL,

               Defendant.

Case No.:

Judge:

## COMPLAINT

1.     Plaintiff, Jennifer Walton, by and through her attorneys, brings this Complaint against Defendant Credit One Financial in order to obtain redress for Defendant's illegal debt collection calls, initiated via automated telephone dialing system ("ATDS") to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### Parties

2.     Plaintiff is a natural person and a citizen of the State of Pennsylvania.

3.     Defendant CREDIT ONE FINANCIAL is a Nevada Corporation d/b/a "Credit One Bank, N.A." with a principal place of business in Las Vegas, Nevada.

4.     Defendant is a credit card company that uses an ATDS in order to harass owners of allegedly past-due accounts, such as Plaintiff, by repeatedly calling cellular telephones and refusing to stop when requested.

**Jurisdiction and Venue**

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because it is a civil action arising under the federal laws of the United States, namely 47 U.S.C. §227, the Telephone Consumer Protection Act ("TCPA").

6.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant's principal place of business is located in this District, relevant evidence and witnesses are located in or near this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

**Defendant's Willful Harassment of Debtors by Telephone**

7.     Defendant, a credit card company, is infamous for engaging in aggressive collection actions in order to induce defaulted account holders to pay the amounts alleged by Defendant to be owed to it.

8.     Specifically, Defendant intentionally and willfully makes use of an ATDS to repeatedly call debtors, often multiple times over the course of a few minutes or seconds, in order to interfere with debtors' use of their telephones, to harass them, and to otherwise inflict stress and emotional distress upon them in order to induce payment of the amounts it alleges to be owed.

9.     This is the precise strategy Defendant employed, intentionally and willfully, in its efforts to collect the amount it alleges it is owed by Ms. Walton.

10.    On information and belief, Defendant uses an ATDS to initiate the telephone calls it makes in connection with its willful efforts to harass debtors, including Plaintiff.

11.     The number, frequency, and timing of the calls Plaintiff received from Defendant indicate that Defendant used an ATDS with the capacity to store and produce telephone numbers in order to initiate the relevant calls, as defined by 47 U.S.C. § 227 *et seq.*

*12.*     Defendant has been sued numerous times for illegally using an ATDS to harass alleged debtors. *See, e.g. Benson v Credit One Bank*, Case No 3:16-cv-02095 (S.D. Cal.); *A.D. v Credit One Financial,* 1:14-cv- 10106 (N.D. Ill.)(class action); *Bridge v Credit One Financial,* Case No. 2:14-cv- 01512-LDG-NJK (D.C. Nev.)(class action); *Beattie v Credit One,* Case No. 5:15-cv-1315-LEK/TWD (N.D. N.Y.)(class action); *Hagler v Credit One,* Case No. 2:16-cv-06719 (C.D. Cal.); *Rice v Credit One Financial,* Case No. 5:15-cv-130 (N.D. W. Va); *Babb v Credit One,* Case No. 2:16-cv-00266 (M.D. Fla.)*; Beeharry, et. al. v Credit One,* 4:17- cv-01706 (S.D. Tex.).

**Defendant's Telephone Harassment of Plaintiff**

13.     Prior to the events giving rise to this action, Plaintiff, Ms. Walton, opened a credit card account with Defendant.

14.     Because of a change in circumstances, Ms. Walton became unable to make the required minimum payments on the account. Therefore, the account was in default.

15.     Plaintiff began receiving telephone calls to her cellular phone from Defendant in or around January, 2017. Defendant called Plaintiff's cellular telephone dozens of times.

16.     On January 11, 2017, Plaintiff received 5 calls from the number (325) 267-9188.

17.     On January 13, 2017, Plaintiff received 4 calls from the number (914) 326-7025.

18.     On January 16, 2017, Plaintiff received 3 calls from the number (267) 940-6479 and 2 calls from the number (225) 442-3557.

19.     On January 19, 2017, Plaintiff received 2 calls from the number (832) 802-6142, 3 calls from the number (786) 233-8665, and 1 call from the number (614) 642-3173.

20.     On January 20, 2017, Plaintiff received 2 calls from the number (331) 200-1190.

21.     On January 23, 2017, Plaintiff received 3 calls from the number (225) 442-3557.

22.     On January 24, 2017, Plaintiff received 2 calls from the number (678) 203-3469.

23.     On January 25, 2017, Plaintiff received 3 calls from the number (843) 619-4190.

24.     On January 26, 2017, Plaintiff received 3 calls from the number (719) 941-8238.

25.     On information and belief, each of the above-referenced numbers is owned by or otherwise used to identify calls initiated by Defendant to individuals it believes to be debtors.

26.     On information and belief, Defendant called Plaintiff's cellular telephone a number of times in addition to those calls specified above.

27.     On numerous occasions, Defendant repeatedly called Plaintiff successively, multiple times, over the course of a short period – often a mere few seconds.

28.     Ms. Walton has never provided express written consent for Defendant to contact her on her cellular phone using an ATDS.

29.     Ms. Walton first learned that Defendant was the entity repeatedly calling her cellular phone on January 11, 2017, after picking up one of the above-referenced calls.

30.     On that date, over the course of multiple telephone conversations, Ms. Walton informed Defendant that she had been unable to make the minimum payments of her credit card account due to a change in her life circumstances, and instructed Defendant to cease attempting to contact her on her cellular phone.

31.     During one of those conversations, Plaintiff informed Defendant that Defendant's repeated calls had caused her cellular telephone to malfunction, causing it to repeatedly crash and reboot, and thereby preventing her from making and receiving calls.

32.     In response to being so informed, Defendant's agent stated to Ms. Walton that Defendant "would keep calling until your phone breaks," or words to that effect.

33.     This statement evidences Defendant's intent to repeatedly call Ms. Walton's cellular phone using an automated dialer for the express purpose of willfully causing her emotional distress, stress, and annoyance, and in order to deprive Ms. Walton of the use of her cellular phone.

34.     Following the above-referenced statement and Plaintiff's instruction to cease contacting her on her cellular phone, Defendant substantially and willfully increased the frequency of its calls to Plaintiff.

35.     Defendant did not cease attempting to contact Ms. Walton on her cellular phone, and did not cease using an automated dialing device to do so.

36.     On information and belief, Defendant intentionally and willfully used its automated dialer to initiate multiple calls to Plaintiff in quick succession, for the express

purpose of harassing her, causing her stress, annoyance, and emotional distress, and thereby inducing her to pay the debt it alleged she owes.

37.     Ms. Walton picked up Defendant's calls on multiple subsequent occasions and repeated her instruction to cease attempting to contact her on her cellular phone.

38.     As a result of Defendant's conduct, Ms. Walton suffered actual harm, including but not limited to stress, annoyance, emotional distress, invasion of privacy, and the temporary loss of the use of her cellular phone, and the loss of value associated therewith.

**CLAIM FOR RELIEF:**
**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**
**(47 U.S.C. § 227)**

39.     Plaintiff incorporates by reference paragraphs 1-38 as if fully set forth herein.

40.     47 U.S.C. § 227(b)(1)(A)(iii) prohibits the making of telephone calls to a cellular telephone line using an automated dialing device, without the called party's express written consent.

41.     As alleged herein, Defendant made numerous calls to Plaintiff's cellular telephone without her consent.

42.     Defendant continued making calls to Plaintiff's cellular phone even after being informed again that the number Defendant was calling was a cellular phone, and being instructed to cease making such calls.

43.     Each call was made using an automated dialing device as defined by 47 U.S.C. § 227 *et seq.* This is based upon the nature and frequency of the calls in question, and upon the fact that Defendant has been accused of using an ATDS to harass parties in believes to be debtors in unrelated litigation throughout the country.

44.     Defendant has therefore violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff is entitled to a minimum of $500.00 in damages under section

227(b)(3)(B) for each violation of such act, or $1,500 if the violations are proven willful, as alleged.

   **WHEREFORE,** Plaintiff Jennifer Walton, by and through her attorneys, prays for the following relief:

   1. An award of actual damages, including but not limited to the loss of value resulting from the repeated malfunctioning of Plaintiff's cellular phone due to Defendant's conduct;

   2. An award of statutory damages, in the amount of $1,500 per illegal call willfully made to Plaintiff's cellular phone using an ATDS device;

   3. Such further and other relief as the Court deems reasonable and just.

**JURY DEMAND**

   Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

By: s/ Robert Glennen _____

    Robert Glennen
    Nevada Bar No. 2143
    601 S. 10th St.
    Las Vegas, NV 89101

    *Attorneys for Plaintiff Jennifer Walton*